B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Scott Gregory Hattrup | **DEFENDANTS** Ascendium Education Group |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Scott G. Hattrup 10410 W. 94th Terr. Lenexa, KS 66215  913-219-8805 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Claim for dischargeability of student loans for undue hardship under 11 USC §523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 0 |

Other Relief Sought
discharge of student loans

Case 22-06036    Doc# 1    Filed 02/24/22    Page 1 of 6

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Scott Gregory Hattrup || BANKRUPTCY CASE NO. 19-21065 ||
| DISTRICT IN WHICH CASE IS PENDING Kansas || DIVISION OFFICE KCKS | NAME OF JUDGE Berger |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Scott S Hattrup* ||||
| DATE 2/24/2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) Scott G. Hattrup ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

In re Scott Gregory Hattrup

Scott Gregory Hattrup

vs.

Ascendium Education Group

Case No. 19-21065
Chapter 7

Adversary No.:

FILED
Kansas City, KS
FEB 24 2022
CLERK
U.S. Bankruptcy Court

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT AS UNDUE HARDSHIP

COMES NOW the Debtor, Scott Gregory Hattrup, and for his cause of action against Ascendium Education Group alleges and states as follows:

**Parties:**

1. Scott Gregory Hattrup is a citizen of Kansas and the United States, and a resident of Lenexa, Kansas, which is within the jurisdiction of this court.

2. Defendant Ascendium Education Group is a national student loan guarantor headquartered in Madison, Wisconsin with several offices and addresses there, which has previously filed a Proof of Claim in this case and can be served at the address on that document.

**Jurisdiction and Venue:**

3. This adversary proceeding is brought under 11 USC § 523(a)(8) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure and its civil analog, 28 USC § 2201.

4. This Court has jurisdiction over this adversary proceeding under § 157(b) and § 1334(b) of the Judiciary and Judicial Procedural Rules. Venue is proper in the District of Kansas under 28 USC § 1409 because this matter is related to a bankruptcy case filed in this district.

**Consent to Entry of Final Judgment:**

5. Scott Gregory Hattrup agrees to entry of final orders or judgment in the bankruptcy court.

**Factual Allegations:**

Financial Situation:

6. Hattrup is a 53-year old divorced male who lives alone and has no one to share expenses. He is employed as a warehouse worker for Amazon, and was formerly with FedEx primarily for the regular pay and overtime available after being self-employed for several years at a lower income level. Since November 2017, Hattrup has made annual adjusted gross income from $40,000 to $52,000 dependent on the amount of overtime he has been able to work. This amount puts him below the level for "presumption of abuse" to arise in filing a Chapter 7 plan directly but chose to file this case as a Chapter 13 originally. The case was converted to a Chapter 7 because of Hattrup's inability to pay enough into a Chapter 13 Plan to satisfy priority creditors.

7. Hattrup was formerly a home owner, but lost the house due to the Internal Revenue Service levy and sale detailed elsewhere in this case, and in the original proceeding in the U.S District of Kansas case. Hattrup now has an additional monthly expense for rent.

8. Hattrup owns no real estate or any substantial non-exempt assets which could be liquidated to pay debts which survive the bankruptcy discharge. His sole source of payment for those would be continued employment. The schedules on file in this case indicate expenses exceeding income.

9. Hattrup drives a 20-year old vehicle with over 250,000 miles that is in need of repair or replacement. He has access to another vehicle of similar age with over 313,000 miles that currently will not run well enough to drive to and from work. In the past two years he has been unable to go to work on several occasions due to vehicle problems or weather-related issues that would not affect new vehicles with less wear.

10. Hattrup struggles to maintain current payments on rent, utilities, and vehicle maintenance and would do so even more if payments on the student loans were required post-discharge.

11. Hattrup practiced law for approximately 14 years before moving to firearms sales, repair, and manufacture as a self-employed person. In all those years Hattrup had irregular income, and never approached the current regular level of income, especially considering the employer subsidized health insurance and lack of self-employment tax liability.

12. Hattrup could potentially be promoted at Amazon or a future employer and have income near $60-70,000 per year within a few years, but that is speculative at best. More likely is that Hattrup will have at most 10 years at a similar job with its higher income potential before aging and physical inability to perform that type of job anymore will force either retirement or reduced wages at a less strenuous job.

13. The present amount of the student loan debt is just over $200,000. Paying that amount over the next six to ten years would take $20,000 to $33,000 just on the current principal. Hattrup does not have the income to make any kind of substantive payments more than a token amount each month, and even those would constitute a substantial hardship.

Student Loans:

14. The student loans themselves were originally obtained between September 1992 and June 1995 to further Hattrup's education at the University of Kansas School of Law. The newest of those debts is now over 25-years old. The original balance of all the loans was around $50,000 in 1995.

15. Hattrup made payments on his loans when he could during his early years of law practice, and used deferments and forbearances when he could not. At the time Hattrup was

married and had additional income support from his wife for household expenses. Eventually, the loans fell into default, and were consolidated with lender fees and interest recapitalized at least twice. Hattrup made good faith attempts to make payments on these loans but fell behind when he otherwise fell on financial hard times following his divorce from 2006-2008.

16. Ascendium is at least the third successor in interest on the original loans due to prior name changes, loan sales, and defaults. The loan amount is now quadruple the original amount. Even if the loans were reduced to the original balance to be paid, Hattrup would struggle with that amount, although the current balance is impossible.

17. Prior to filing this case, Ascendium had started to garnish Hattrup's wages at FedEx, making an already precarious financial situation impossible.

WHEREFORE Hattrup respectfully requests this Court determine that in accordance with 11 USC § 523(a)(8), the payment of his loans would impose an undue hardship on him, and that the loans are to be either completely discharged in bankruptcy, or reduced to their original principal with credit for payments made, and for other and further relief that deemed proper.

Respectfully submitted,

Scott G. Hattrup, KS#17208 (not active)
14010 W 94th Terrace
Lenexa, KS 66215-3133
(913) 219-8805
DEBTOR, PRO SE